**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**POLYFLEX M COMPANY, Respondent.**

No. 79–3038

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 21, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for petitioner.

Jolly, Miller & Milam, Kenneth E. Milam, James R. Lockard, Jackson, Miss., for respondent.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

PER CURIAM:

On June 13, 1978, the United Paper Workers International Union, AFL CIO (the Union) petitioned to organize the employees of Polyflex M Company (Polyflex). Following a representation election won by the Union,[1] Polyflex filed objections to the election, charging that Union conduct affected the election results. Among other things, Polyflex charged that "[t]he offer and/or promise of the [Union] to waive initiation fees was ambiguous and reasonably susceptible to an interpretation violative of the standard established in *NLRB v. Savair Manufacturing [Co.]*, 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973)." The acting regional director conducted an ex parte investigation and certified the election results, and the Board denied review. Polyflex refused to bargain in order to test the validity of the certification of the election results. The Union filed unfair labor practice charges and the Board granted summary judgment against Polyflex. The Board seeks enforcement of its bargaining order. We decline to enforce the order of the Board because we agree with Polyflex that it presented sufficient evidence to require a hearing on its *Savair* objection.

Under 29 C.F.R. § 102.69(c), a post-election hearing is required in representation proceedings when objections to the election raise substantial and material factual issues. This court has held that "[d]ue process requires the Board to grant 'a [post-election] hearing to a losing party who had supplied prima facie evidence raising substantial and material issues that would warrant setting the election aside.' " *NLRB v. Claxton Manufacturing Co.*, 613 F.2d 1364, 1365 (5th Cir. 1980), quoting *Gulf Coast Automotive Warehouse Co. v. NLRB*, 588 F.2d 1096, 1100 (5th Cir. 1979). Though "considerable weight must be assigned to [the Board's] determinations regarding the existence or nonexistence of substantial and material factual issues," *NLRB v. Osborn Transportation, Inc.*, 589 F.2d 1275, 1282 (5th Cir. 1979) (citations omitted), whether the employer has made an adequate showing is a question of law for the courts to determine, *Claxton*, 613 F.2d at 1365. We have consistently held that:

> To obtain a hearing, the losing party bears a heavy burden. Its affidavits must contain " 'specific evidence of specific events from or about specific people . . .' "; conclusory allegations are not sufficient. *NLRB v. Douglas County Electric Membership Corp.*, 358 F.2d 125, 130 (5th Cir. 1966); see [*NLRB v.*] *Golden Age [Beverage Co.*, 415 F.2d 26, 33 (5th Cir. 1969)]; *U. S. Rubber Co. [v. NLRB*, 373 F.2d 602, 606 (5th Cir. 1967)]. Moreover, an election may be set aside only if the objectionable activity, when considered as a whole, either tended to or did influence the outcome of the election. *NLRB v. Gulf States Canners, Inc.*, 585 F.2d 757, 759 (5th Cir. 1978). . . .

---

1. Twenty-six employees voted for the Union, fifteen employees voted against the Union, and five ballots were challenged.

*Claxton,* 613 F.2d at 1366. We have held, however, that once the losing party presents sufficient evidence to make a prima facie case that the election should be set aside—which establishes its right to a hearing—an ex parte investigation by the regional director is not a substitute for a hearing. *Claxon,* 613 F.2d at 1366, 1373. *See also Gulf Coast,* 588 F.2d at 1098–1100. Under our cases, the Board must consider whether the objector has made out a prima facie case through its affidavits. It must not "await the results of an investigation and then, by considering matter turned up by the regional director in weighing the relative factual data and even making credibility determinations, . . . conclude that a hearing is not warranted." *Claxton,* 613 F.2d at 1373.

■ In *NLRB v. Savair Manufacturing Co.,* 414 U.S. 270, 94 S.Ct. 495, 38 L.Ed.2d 495 (1973), the Supreme Court held that a union interferes with the conduct of an election when it offers to waive initiation fees for those who join the union prior to the election.[2] The Board has held that a union violates *Savair* when its representatives make statements which are subject to a reasonable interpretation by employees that they can avoid initiation fees by joining the union prior to the election. *See California State Automobile Association,* 214 N.L.R.B. No. 27 (1974); *Inland Shoe Manufacturing Co.,* 211 N.L.R.B. No. 73 (1974). As we recently recognized in *Gulf Coast,* "the proper consideration is the objective interpretation by the employees of the message actually communicated to them by the union." 588 F.2d at 1099.

■ The question, then, is whether Polyflex presented a prima facie case that Union representatives made statements which were subject to a reasonable interpretation by the employees that they could avoid initiation fees by joining the Union prior to the election. If Polyflex made such a showing, it is entitled to a hearing on its *Savair* claims for which the regional director's ex

parte investigation is no substitute. In order to determine whether Polyflex made a prima facie showing of a *Savair* violation, we must look to the evidence presented by Polyflex in support of its allegation. *See Claxton,* 613 F.2d at 1366.

During the ex parte investigation of Polyflex's objections, an employee gave a sworn affidavit describing Union representations about initiation fees. In that affidavit, the employee stated that on May 27, 1978, she and nine other employees attended the Union's initial organization meeting. Her affidavit details statements concerning the Union's policy regarding initiation fees made by Hermann Merritt, a Union representative, at the meeting:

> As I recall, at the Union meeting, Hermann Merritt told us that the Union dues would be $8.50 per month and that if we joined the Union now, the ones that did would not have to pay an initiation fee. Merritt said "if you get the Union voted in, the [employees] that support it now will not have to pay initiation fees". I am absolutely certain that he said this. He also explained it as I recall.
>
> .    .    .    .    .
>
> As a matter of fact, Merritt said at the meeting that there would not be an initiation fee to join the Union. He said [the employees] would have to pay Union dues but not the initiation fee. He said once the Union's established and bargained for [the employees] and got everything going good [the employees] would have to pay initiation fees.

According to the employee's affidavit, Merritt distributed "union cards" at the meeting and all those employees in attendance signed a card.

In analyzing the question whether a hearing is required on the basis of the employee's affidavit, we are confronted with the following difficulty: we cannot determine from the affidavit alone what objective interpretation a reasonable employee would derive from the statements allegedly made

---

**2.** On the other hand, a "waiver of initiation fees available not only to those who have signed up with the union before an election but also to those who join after the election" does not violate *Savair.* 414 U.S. at 274 n.4, 94 S.Ct. at 497 n.4.

by Merritt at the organization meeting when those statements are taken as a whole. For example, the statement that if employees joined the Union "now," they would avoid an initiation fee suggests a *Savair* violation; while the statement that an initiation fee would apply only after the Union actually "got everything going good" may have been sufficient to alert those at the meeting that joining before the election was not a condition of avoiding any initiation fee. Because isolated statements violative of the *Savair* rule can be neutralized by explanation or clarification by the Union, *Rounsaville of Tampa, Inc.*, 224 N.L.R.B. No. 45 (1976), it is at least possible that the quoted portions of the affidavit are accurate and yet no *Savair* violation occurred. On the other hand, the opposite conclusion is also possible. Since the relevant inquiry is whether the affidavit raises a substantial and material issue that would warrant setting the election aside, we think the proper course is to remand for a hearing that will determine what statements were made and what objective interpretation is warranted by the statements when taken as a whole.

The case is REMANDED to the Board for an evidentiary hearing.